UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEPHEN MCNUTT, Administrator of the Estate of Ronald D. McNutt, Deceased,<br><br>    Plaintiff,<br><br>    v.<br><br>R&S METALS LLC,<br><br>    Defendant/Crossclaim Defendant/Third-Party Plaintiff/Third-Party Counterclaim Defendant,<br><br>and<br><br>AECOM ENERGY & CONSTRUCTION, INC.; ALBERICI CONSTRUCTORS, INC. and WASHINGTON GROUP-ALBERICI JOINT VENTURE,<br><br>    Defendants/Crossclaim Plaintiffs/Third-Party Plaintiffs/Third-Party Counterclaim Defendants,<br><br>    v.<br><br>JAMES R. LANGSTON TRUCKING and RIVER METALS RECYCLING, LLC,<br><br>    Third-Party Defendants/Third-Party Counterclaim Plaintiffs/Third-Party Crossclaim Plaintiffs/Third-Party Crossclaim Defendants. | Case No. 19-cv-300-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of defendant R&S Metals LLC, doing business as Southern Metal Processing ("Southern Metal"), to dismiss Counts III and IV of the plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 66). Plaintiff Stephen McNutt, suing as the administrator of the estate of Ronald D. McNutt, has responded to the motion (Doc. 69).

**I.      Background**

This case arose from an accident that occurred in connection with hauling scrap metal from a construction project with which all the parties to this case are directly or indirectly involved. Aecom Energy & Construction, Inc. ("Aecom") and Alberici Constructors, Inc. ("Alberici") combined for a joint venture, Washington Group-Alberici Joint Venture ("WGAJV"), to perform construction work on the Olmsted Dam in Olmsted, Illinois. WGAJV farmed out the job of removing scrap metal from the worksite to Southern Metal, which then itself contracted with River Metals Recycling LLC ("River Metals") to haul the material away. In turn, River Metals hired James R. Langston Trucking ("Langston Trucking") to do the heavy lifting—actually moving the scrap metal from the dam worksite to the River Metals facility. The plaintiff's decedent, Ronald D. McNutt, was a Langston Trucking employee.

On March 19, 2018, McNutt transported a load of scrap metal pipes on a flatbed trailer from the dam worksite to the River Metals facility. While McNutt was unloading the scrap metal at River Metals, the pipes rolled off the trailer and crushed him. He did not survive.

McNutt's estate sued Aecom, Alberici, WGAJV, and Southern Metal in wrongful death and survival actions. Counts III and IV are survival and wrongful death claims, respectively), against Southern Metal. The plaintiff alleges that, by virtue of its contract with WGAJV, Southern Metal was responsible for the proper loading of the pipes and is liable for the negligence of its agent, River Metals, that caused the accident.

**II.     Analysis**

Southern Metal asks the Court to dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted. When considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the

complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule 8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *Bell Atl.*, 550 U.S. at 561-63; *Concentra Health Servs.*, 496 F.3d at 777. Now "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

Nevertheless, *Bell Atlantic* did not do away with the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir.

2007). A complaint still need not contain detailed factual allegations, *Bell Atl.*, 550 U.S. at 555, and it remains true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original). Nevertheless, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*, 550 U.S. at 555. If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal. *Airborne Beepers*, 499 F.3d at 667.

Southern Metal argues that the plaintiff has not pled sufficient facts to support his survival and wrongful death causes of action. Specifically, it faults the plaintiff for failing to plead facts to support the multi-factor test for establishing an employment relationship under Illinois law between Southern Metal and River Metals and for failing to plead facts to support liability under a *respondeat superior* theory.

The Court has reviewed the First Amended and finds that, while not a model of clarity or precision, it pleads sufficient facts to plausibly suggest a right to relief above the speculative level and to alert Southern Metals to its claims. This is all a complaint needs to do, even after *Bell Atlantic* and *Iqbal*. It does not need to plead legal theories or facts corresponding to elements of any claim. *Stumm v. Wilkie*, No. 18-2978, 2019 WL 6487202, at *2 (7th Cir. Dec. 3, 2019); *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017).

As noted above, in the First Amended Complaint, the plaintiff alleges that Southern Metal is responsible for loading the pipes pursuant to a contract with WGAJV and attempts to hold Southern Metal liable, as principal, for the negligence of River Metals, its agent, when

River Metals negligently loaded the pipes.  That the First Amended Complaint does not explain the intricacies of or the evidence to establish the relationship between Southern Metal and River Metals is of no matter.  It is apparent what the plaintiff is claiming, and all the details can be fleshed out in discovery and the legal implications argued on summary judgment.

**III.    Conclusion**

For the foregoing reasons, the Court **DENIES** Southern Metal's motion to dismiss Counts III and IV of the First Amended Complaint (Doc. 66).

**IT IS SO ORDERED.**
**DATED:  March 2, 2020**

                                                       s/ J. Phil Gilbert
                                                       **J. PHIL GILBERT**
                                                       **DISTRICT JUDGE**