UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEPHEN MCNUTT, Administrator of the Estate of Ronald D. McNutt, Deceased,<br><br>     Plaintiff,<br><br>  v.<br><br>R&S METALS LLC,<br><br>     Defendant/Crossclaim Defendant/Third-Party Plaintiff/Third-Party Counterclaim Defendant,<br><br>and<br><br>AECOM ENERGY & CONSTRUCTION, INC.; ALBERICI CONSTRUCTORS, INC. and WASHINGTON GROUP-ALBERICI JOINT VENTURE,<br><br>     Defendants/Crossclaim Plaintiffs/Third-Party Plaintiffs/Third-Party Counterclaim Defendants,<br><br>  v.<br><br>JAMES R. LANGSTON TRUCKING and RIVER METALS RECYCLING, LLC,<br><br>     Third-Party Defendants/Third-Party Counterclaim Plaintiffs/Third-Party Crossclaim Plaintiffs/Third-Party Crossclaim Defendants. | Case No. 19-cv-300-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motions of defendant R&S Metals LLC, doing business as Southern Metal Processing ("Southern Metal"), to dismiss Count II of River Metals Recycling LLC's ("River Metals") third-party counterclaim (Doc. 94) and to dismiss Count I of

James R. Langston Trucking's ("Langston Trucking") third-party counterclaim (Doc. 95).¹ Both claims are for contribution under the Illinois Joint Tortfeasor Contribution Act ("Contribution Act"), 740 ILCS 100/.01-5, *et seq.* (Docs. 92 & 93). River Metals has responded to the motion concerning its claim (Doc. 108); Langston Trucking has not.

**I.    Background**

This case arose from an accident that occurred in connection with hauling scrap metal from a construction project with which all the parties to this case are directly or indirectly involved. Aecom Energy & Construction, Inc. ("Aecom") and Alberici Constructors, Inc. ("Alberici") combined for a joint venture, Washington Group-Alberici Joint Venture ("WGAJV"), to perform construction work on the Olmsted Dam in Olmsted, Illinois. WGAJV farmed out the job of removing scrap metal from the worksite to Southern Metal, which then itself contracted with River Metals to haul the material away. In turn, River Metals hired Langston Trucking to do the heavy lifting—actually moving the scrap metal from the dam worksite to the River Metals facility. The plaintiff's decedent, Ronald D. McNutt, was a Langston Trucking employee.

On March 19, 2018, McNutt transported a load of scrap metal pipes on a flatbed trailer from the dam worksite to the River Metals facility. While McNutt was unloading the scrap metal at River Metals, the pipes rolled off the trailer and crushed him. He did not survive.

McNutt's estate sued Aecom, Alberici, WGAJV, and Southern Metal in wrongful death and survival actions. In turn, Southern Metal brought, among other claims, third-party claims for

---

¹ Southern Metal and Langston Trucking both refer to Langston Trucking's claim as a crossclaim, but it is actually a third-party counterclaim because Southern Metal has previously filed a third-party claim against Langston Trucking (Doc. 91), and Langston Trucking is suing it back.

contribution against River Metals and Langston Trucking, both of whom then countersued Southern Metal for contribution as well.  It is those third-party counterclaims that are at issue in this motion.

Southern Metal seeks to dismiss those contribution claims.  It notes that contribution claims seek reimbursement for any damages paid by a defendant over and above their pro rata share of liability based on their proportionate fault for the plaintiff's injuries.  However, Southern Metal argues that it is not possible for River Metals or Langston Trucking to overpay their proportionate liability because neither is a defendant potentially liable to the plaintiff directly in this case and neither is subject to joint and several liability.  They are only third-party defendants that the plaintiff has not sued, and they are only liable, if at all, to the defendants who have sued them in third-party claims.  Southern Metals argues that because there is no danger that River Metals or Langston Trucking will overpay the plaintiff beyond their pro rata share of their respective liability, they cannot have any claim for contribution from anyone else.  *See Ponto v. Levan*, 972 N.E.2d 772, 784 (Ill. App. Ct. 2012); 740 ILCS 100/2(b) ("The right of contribution exists only in favor of a tortfeasor who has paid more than his pro rata share of the common liability. . . .").  Southern Metal further notes that the contribution claims against it are superfluous because its own contribution claims against River Metals and Langston Trucking will decide the allocation of their respective proportionate fault and liability.

River Metals argues that it could be found jointly and severally liable to the plaintiff under 735 ILCS 5/2-1117.  River Metals believes it is possible, therefore, for it to become jointly and severally liable for more than its pro rata share if it is found to be more than 25% at fault for the plaintiff's death.  It is this potential liability it seeks to be compensated for in its contribution claim against Southern Metal.  It further notes the possibility that other parties may settle with

the plaintiff leaving only Southern Metal's third-party claim to be decided by the jury, as was the case in *Roberts v. Alexandria Transportation, Inc.*, Case No. 14-cv-1063-JPG, 2018 WL 2193816 (S.D. Ill. May 14, 2018). In such a verdict, River Metals fears it may be forced to pay more than its pro rata share of its fault.

## II.     Analysis

The Court starts with the Contribution Act. That statute "creates a statutory right of contribution in actions 'where 2 or more persons are subject to liability in tort arising out of the same injury to person or property, or the same wrongful death.'" *Johnson v. United Airlines*, , 784 N.E.2d 812, 817 (Ill. 2003) (quoting 740 ILCS 100/1, 2(a)). However, that liability only exists "to the extent that a tortfeasor pays more than his *pro rata* share of the common liability." *Id.* (citing 740 ILCS 100/2(b)); *accord Ponto v. Levan*, 972 N.E.2d 772, 784 (Ill. App. Ct. 2012) (nothing Contribution Act "provides a remedy for a person *who has paid more than his or her pro rata share* of the common liability by allowing him or her to seek contribution *from a fellow joint tortfeasor who has not paid his or her pro rata share* of the common liability" (emphasis in original)); *Truszewski v. Outboard Motor Marine Corp.,* 685 N.E.2d 992, 994 (Ill. App. Ct. 1997).

### A.     River Metals

River Metals suggests it may be forced to pay more than its pro rata share if it is found to be 25% or more at fault for the plaintiff's injuries and thus subject to joint and several liability under 735 ILCS 5/2-1117. That statute states:

> Except as provided in Section 2-1118, in actions on account of . . . death . . . , based on negligence . . . , all defendants found liable are jointly and severally liable for plaintiff's past and future medical and medically related expenses. Any defendant whose fault, as determined by the trier of fact, is less than 25% of the total fault attributable to the plaintiff, the defendants sued by the plaintiff, and any third party defendant except the plaintiff's employer, shall be severally liable for

4

> all other damages. *Any defendant whose fault, as determined by the trier of fact, is 25% or greater of the total fault attributable to the plaintiff, the defendants sued by the plaintiff, and any third party defendants except the plaintiff's employer, shall be jointly and severally liable for all other damages*.

(emphasis added).

In *Ponto v. Levan*, 972 N.E.2d 772 (Ill. App. Ct. 2012), the Illinois Appellate Court considered whether this statute created joint and several liability for a third-party defendant who was not directly sued by the plaintiff. *Ponto* involved an automobile accident where the defendant filed a third-party contribution claim against a municipality for the condition of the road where the accident occurred. *Id.* at 776. The court examined whether the third-party defendant municipality, which the plaintiff had not sued directly, was jointly and severally liable for the entire damage award under § 2-1117. *Id.* at 782. The court rejected that notion, finding that § 2-1117's reference to "defendants" being jointly and severally liable did not include third-party defendants. *Id.* at 787 ("The fact that the provision uses both the terms 'defendant' and 'third-party defendant' shows that the legislature did not intend that the term 'defendant' encompass 'third-party defendant.'"). Thus, it held that the third-party defendant municipality did not owe anything in contribution until the defendant tortfeasor paid more than his pro rata share, even where this never occurred because the defendant was insolvent. *Id.* at 788-89.

Although this Court is bound only by Illinois Supreme Court decisions about Illinois law, when it has not spoken on an issue, as it has not with respect to the particular issue at bar, this Court must give great weight to decisions of intermediate appellate courts unless there are persuasive reasons to believe the highest court would rule differently. *Allstate Ins. Co. v. Menards, Inc.*, 285 F.3d 630, 637 (7th Cir. 2002); *State Farm Mut. Auto. Ins. Co. v. Pate*, 275 F.3d 666, 669 (7th Cir. 2001). Because there is nothing indicating the Illinois Supreme Court would deviate from the law as articulated in *Ponto*, the Court applies that decision to this case to

5

conclude that River Metals has no viable contribution claim against Southern Metal because there is no way it could be jointly and severally liable for the plaintiff's injuries or liable for more than its pro rata share of the plaintiff's damages.

This is true notwithstanding *Roberts v. Alexandria Transportation, Inc.*, Case No. 14-cv-1063-JPG, 2018 WL 2193816 (S.D. Ill. May 14, 2018), where the Court decided it was appropriate to place a settling third-party defendant's name on the verdict form for the purposes of allocating fault between the potential tortfeasors. River Metals fails to note, however, that the placement of the settling third-party defendant on the verdict form was only for fault allocation, not for determining liability of that party. As the Court noted in *Roberts*, the third-party defendant's presence on the jury form only facilitated the assessment of the trial defendant's pro rata share and did not cause the settling third-party defendant to pay any more money than it had already paid in settlement. *Id*. at *3 (citing *Truszewski v. Outboard Motor Marine Corp.*, 685 N.E.2d 992, 996 (Ill. App. Ct. 1997)). Thus, *Roberts* does not provide an example of how a third-party defendant not sued by the plaintiff could pay more than its pro rata share.

Southern Metal has shown that, in the current posture of this case, River Metals will never be forced to pay more than its pro rata share of liability, so it can have no contribution claim against Southern Metal.

B.     Langston Trucking

The Court now turns to third-party defendant Langston Trucking. Its response to Southern Metals' motion was due May 1, 2020, a deadline which accounts for the 30-day response period of Local Rule 7.1(c) plus the 30-day extension granted by Administrative Order 261, entered in light of the COVID-19 pandemic. The Court exercises its discretion to construe Langston Trucking's failure to respond to the motion as an admission of the merits of the

motion.  *See* Local Rule 7.1(c).  It is particularly appropriate to do so here because, as explained above, Southern Metal's position has merit.  Langston Trucking's position is indistinguishable in any material way from River Metals' with respect to a contribution action against Southern Metal.[2]  Accordingly, the Court will dismiss Langston Trucking's claim for contribution as well.

### III.   Conclusion

For the foregoing reasons, the Court:

- **GRANTS** Southern Metal's motion to strike or dismiss Count II of River Metals' third-party counterclaim (Doc. 94) and **DISMISSES** that claim **with prejudice**;

- **GRANTS** Southern Metal's motion to strike or dismiss Count I of Langston Trucking's third-party counterclaim (Doc. 95) and **DISMISSES** that claim **with prejudice**; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED:  June 3, 2020**

                 s/ J. Phil Gilbert
                 **J. PHIL GILBERT**
                 **DISTRICT JUDGE**

---

[2] Of course, Langston Trucking is in a different position as to the amount of its potential liability because it was the decedent's employer, and its liability is therefore limited by the Illinois Workers' Compensation Act, 820 ILCS 305/1 *et seq.*, but that distinction is immaterial to the conclusions in this order.